UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

**NORA ANYANWU AND**
**EMMANUEL ANYANWU**

       Plaintiffs,

v.                                                      Case No. 24-cv-233

**JOSEPH NANTOMAH**,

and

**INVESTORS CAPITAL LLC**

       Defendants.

**JOINT RULE 26(f) REPORT AND DISCOVERY PLAN**

       Plaintiffs, Nora Anyanwu and Emmanuel Anyanwu, by their attorneys OVB Law & Consulting, S.C., and Defendants Joseph Nantomah and Investors Capital, LLC by their attorneys Rizzo & Diersen, S.C., jointly submit the following Rule 26(f) report in the above-captioned matter.

1. **Rule 26(f) Conference.** Pursuant to Rule 26(f), the parties conferred on the 24th day of April, 2024, which was attended by Attorney Kate Goodhart on behalf of the Plaintiffs, and Attorney Piermario Bertolotto on behalf of the Defendants, whereby the parties conferred on issues relating to the scheduling and management of this matter. All parties have had the opportunity to review and consent to the filing of this Joint Report and Discovery Plan.

    A. **Nature of the Case and Jurisdiction.**

**Summary:** This case involves a dispute between the Plaintiffs, Nora and Emmanual Anyanwu, and the Defendants, Joseph Nantomah and Investors Capital LLC pertaining to an agreement entered

1

into between the parties on November 12, 2022. The Plaintiffs allege that Mr. Nantomah, acting on behalf of Investors Capital LLC, solicited investments from individuals, including the Plaintiffs, promising guaranteed returns within a specific timeframe through house flipping ventures. The Plaintiffs invested $110,000 based on these alleged promises, but did not receive the full stipulated return on investment totaling $132,000 by the agreed-upon deadlines. To date, the Plaintiffs have only received a partial payment of $20,000. The Plaintiffs maintain that the Defendants failed to fulfill their obligations, leading the Plaintiffs to pursue multiple claims against Defendants including breach of contract, civil theft, deceptive trade practices, the sale of an unregistered security, the misstatement or omission in the sale of a security, and securities fraud. The Defendants have joined issue and deny most of the elements associated with the claims sought by the Plaintiffs.

2. **Motions.** The Parties have not filed any motions with the Court at this time.

3. **Procedures Regarding Claims of Privilege and Work-Product Protection.** The Parties do not contemplate any issues relating to claims of privilege or work-product protection; however, the parties agree that if such claims arise, the Parties shall meet and confer before bringing any matter to the attention of the Court.

4. **Locations for Fed. R. Civ. P. 30(b)(6).** The Parties agree that locations for purposes of oral depositions shall be mutually agreed upon by the parties prior to scheduling. If agreement cannot be reached, depositions will take place at an appropriate location selected by examining counsel.

5. **Proposed Schedule.**

    A. **Rule 26(a) Initial Disclosures.** The Parties agree to exchange initial disclosures on or before **June 11, 2024.**

    B. **Amendment to Pleadings.** The Parties shall make any amendments to their pleadings by **June 25, 2024.**

C.  **Witness Disclosures.** The Parties shall make all witness disclosures required under Rule 26(a)(2) as follows:

  i.  **Plaintiff** shall disclose all witnesses, including with respect to each retained witness, a written report pursuant to Rule 26(a)(2)(B) on or before **August 16, 2024.**

  ii. **Defendant** shall disclose all witnesses, including with respect to each retained witness, a written report pursuant to Rule 26(a)(2)(B) on or before **October 16, 2024.**

D.  **Close of Discovery.** The Parties shall complete all discovery **January 17, 2025.** All requests for discovery, including all notices and subpoenas for depositions, must be served upon all adverse parties, as well as any applicable third party, with sufficient time to permit all responses to be served and all depositions to be taken before this deadline.

E.  **Dispositive Motions.** The Parties shall file all dispositive motions by **January 31, 2025.** Any responses in opposition to such to such motion shall be filed within 30 days after the filing of the motion. Any reply in support of any such motion shall be filed within 20 days after the filing of the response.

F.  **Mediation Deadline.** Any mediation of this matter shall be completed by **January 17, 2025.**

G.  **Pretrial Disclosures.** The Parties shall make all pretrial disclosures required under Rule 26(a)(3) pursuant to the default deadline in Ruel 26(a)(3)(B), "**at least 30 days before trial.**"

H.  **Pretrial Objections.** The Parties shall make all pretrial objections permitted under Rule 26(a)(3) pursuant to the default deadline in Rule 26(a)(3)(B), "**[w]ithin 14 days**

3

**after they [i.e., the pretrial disclosures required under Rule 26(a)(3)] are made."**

    I. **Pretrial Conference and Trial.** Plaintiff has requested a jury trial. To permit the Court adequate time before trial to decide any dispositive motions, the Parties respectfully request that the Court schedule a pretrial conference in **March or April 2025** and a three-day trial in **April or May 2025.**

6. **Discovery Plan.** The Parties submit the following proposed discovery plan and schedule in accordance with Fed. R. Civ. P. 26(f)(3)(A) – (F):

    A. **Rule 26(a) Disclosures.** Please see the proposed schedule above.

    B. **Scope of Discovery.** Please see the proposed schedule above. The Parties anticipate discovery on all claims and defenses, including all issues of liability and damages. The Parties do not believe limited or phased discovery would be time- or cost-effective, or otherwise appropriate. The Parties anticipate that discovery will include written interrogatories, requests for production, requests for admissions, and depositions of the parties and lay witnesses.

    C. **Electronically Stored Information.** The Parties agree that they shall preserve from any alteration or destruction all electronically stored information, including all electronically stored "communications" and "documents," as defined in Civ. L.R. 26(d)(1)(A)–(B), which pertains to any claim or defense, injury or damage, or evidence or witness, identified in this case.

        The Parties further agree that subject to the limits of permissible discovery (e.g., attorney-client privilege, work-product protection, etc.), they shall disclose all electronically stored information required to be disclosed under Rule 26(a) or requested to be disclosed via any discovery request under the Federal Rules of Civil

Procedure in its original form, with a copy of or access to any software necessary to access, review, and copy the information; provided, however, that such disclosure shall not preclude or limit any party's right to a simultaneous or subsequent disclosure of that information in a printed "hard-copy" form. Absent a claim of undue burden or expense under Rule 26(b)(2)(B), the burden and expense of collecting and producing all such electronically stored information shall be on the party with possession, custody, or control of that information.

    D. **Limitations on Discovery.** The Parties do not propose any changes to the limitations on discovery that are set forth by the Federal Rules or Local Rules.

    E. **Discovery Dispute.** In the event that a dispute arises during discovery, the Parties agree to meet and confer in good faith to resolve the dispute pursuant to Civil L. R. 37. If in such good faith, the dispute cannot be resolved by the Parties, the Parties will request a pre-motion conference with the Court before filing any motion to compel.

7. **Mediation and Settlement.** Settlement cannot be reasonably evaluated for now until discovery is underway, however, the Parties have agreed to attempt mediation at some point in this matter.

8. **Electronic Service.** The Parties agree that service by electronic means shall be allowed as set forth in Fed. R. Civ. P. 5(b)(2)(E) and that such service shall be complete upon transmission provided that the sender does not receive any indication that such electronic transmission was unsuccessful.

Dated this 24th day of April 2024.

**OVB LAW & CONSULTING, S.C.**
**Attorneys for Plaintiffs**

By: /s/ Kate M. Goodhart
Kate M. Goodhart, SBN 1121648
Emil Ovbiagele, SBN 1089677
826 N. Plankinton Ave., Suite 600
Milwaukee, WI 53203
Phone: 414-585-0588
Fax: 414-255-3031
kate@ovblaw.com
emil@ovblaw.com


**RIZZO & DIERSEN, S.C.**
**Attorneys for Defendants**

By: /s/ Piermario Bertolotto
Piermario Bertolotto, SBN 1044687
3505 30th Ave.
Kenosha, WI 53144
Phone: 262-652-5050
Fax: 262-652-5053
pier@rizzolaw.com